### McHUGH *v.* NEW YORK EL. R. Co. *et al.*

*(Supreme Court, General Term, First Department. June 29, 1892.)*

1. REPORT OF REFEREE—REVIEW ON APPEAL.
      There being evidence to support the conclusions of the referee, a judgment thereon, in a case of unliquidated damages, will not be disturbed simply because it is not subject to mathematical demonstration, or the court cannot see the precise theory on which the result was arrived at.

2. SUPREME COURT—POWER ON APPEAL—INCREASING JUDGMENT.
      The general term, on appeal, has no power to increase a judgment.

Appeal from judgment on report of referee.

Action by John J. McHugh against the New York Elevated Railroad Company and the Manhattan Railway Company to recover damages sustained by reason of the construction and operation by the defendants of lines of railway over and upon a public street in front of plaintiff's premises. From a judgment in favor of plaintiff on the report of a referee, both parties appeal. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and PATTERSON, JJ.

*Peckham & Tyler*, (*C. A. B. Pratt*, of counsel,) for plaintiff. *Davies & Rapallo*, (*Julien T. Davies* and *R. L. Maynard*, of counsel,) for defendants.

VAN BRUNT, P. J. The defendants appeal from the whole judgment, and the plaintiff appeals from that part of the judgment which only allowed $63.33 rental damages, it being claimed that the referee erred in limiting the rental damages to such as accrued prior to the commencement of the action. We see no reason for interfering with the judgment appealed from. There was evidence more than sufficient to support the conclusions arrived at by the referee. It is true that it is claimed that the precise method by which the referee arrived at the amount of rental damages cannot be determined from the evidence. But, in cases of unliquidated damages, it is not necessary that the conclusion of the court or referee should be subject to mathematical demonstration. If the evidence is sufficient to support the finding, the court will not reverse simply because it cannot see the precise theory upon which the result was arrived at. It is undoubtedly true that the referee was led astray by the condition of the decisions of this general term in respect to the right to recover rental damages which had accrued since the commencement of the action, he following the decisions as they then existed. But this court, upon a subsequent examination of the law, came to the conclusion that the previous ruling was error, and adopted what they believed to be the true rule in those cases. The plaintiff does not desire, apparently, a reversal of the judgment because of the rule adopted by the referee, but seems to think that this court has the power to increase the judgment to the amount which should have been granted under the subsequent decisions of this general term. We are not aware of any power in the court to increase a judgment, although they may reduce the same. We think, therefore, that the judgment appealed from should be affirmed, with costs. All concur.