## MacDONALD v. JOHNS.

(Supreme Court, Appellate Term. March 17, 1909.)

WORK AND LABOR (§ 3½*)—EXPENSES INCURRED.

In an action for services, plaintiff was entitled to recover, in addition to the value of such services, money paid by him for work done for him by another in connection with the services at defendant's request.

[Ed. Note.—For other cases, see Work and Labor, Dec. Dig. § 3½.*]

MacLean, J., dissenting in part.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Dwight MacDonald against John N. Johns. Judgment for plaintiff, and both parties appeal. Modified, and, as modified, affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and DAYTON, JJ.

MacDonald & Bostwick, for plaintiff.
Norton & Mumford, for defendant.

DAYTON, J. The action was for professional services as an attorney rendered by plaintiff to defendant, valued by plaintiff at $250. The learned trial court rendered judgment for $200. The services were in connection with the preparation of a form of bond and other investigations and the formulation of plans for a corporation proposed by defendant to insure certain dealers who were engaged in renting films to be used by exhibitors of moving pictures. There was no substantial dispute as to the rendition of the services or their value; but it was contended by the defendant that such services were performed voluntarily by the plaintiff to effect an arrangement by which he, his law partner, Bostwick, and one Watson, were to be equally interested, and from which the three were to derive profits if the scheme succeeded. It is therefore alleged that there is a misjoinder of parties defendant.

Plaintiff at the time was secretary of an association, known as the "Film Dealer's Association," which was made up of about 80 large dealers in the business of renting films throughout a large part of the United States. Watson was an insurance man of about 30 years' experience. The record fails to disclose that Bostwick had any interest in the scheme. It also seems clear that Watson, as far as the operations went, was engaged in assisting the plaintiff by furnishing him such technical information as was necessary for the preparation of the bond and other papers. A bill of $250, rendered subsequent to the refusal on defendant's part to advance a $1,000 retainer, and a suggestion that monthly bills would be preferable, was expressly approved by a letter to which defendant admitted his signature. This letter was in reply to a letter of plaintiff, inclosing the bill, in which plaintiff stated that it included $50 for services rendered to him by Mr. Watson. It seems clear that the services of Watson were rendered to plaintiff, and at defendant's request; the latter having requested him to go forward with the project and authorized him to incur necessary expense. This sum of $50 was, therefore, properly chargeable to the plaintiff. I think the record shows clearly the plaintiff's employment, and that the services were rendered for the defendant and at his request.

The judgment should be modified, by including the $50 chargeable for Watson's services, and, as so modified, affirmed, with costs of this appeal.

Judgment modified, by increasing the same to the sum of $250 and appropriate costs in the court below, and, as so modified, affirmed, with costs of this appeal to the plaintiff respondent.

GILDERSLEEVE, P. J., concurs.

MacLEAN, J. (dissenting). Although it has been held by this court that "where there is a mere error in a matter of figures, and a new trial will not change the result, a judgment may be modified, even by increasing the amount of the recovery" (Goldstein v. Greenberg, 18

Misc. Rep. 61, 41 N. Y. Supp. 21), to modify the judgment herein by increasing the amount of plaintiff's recovery would seem, under the authorities, to be beyond the province of this court (Brockman v. Buell, 16 Daly, 90, 9 N. Y. Supp. 895; McHugh v. N. Y. El. Ry. Co., 65 Hun, 619, 19 N. Y. Supp. 744; Dayton v. Parke, 142 N. Y. 391, 398, 37 N. E. 642).

The judgment, therefore, of the court below, should be affirmed, but without costs of this appeal.